IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS POOLE | § | |
| v. | § | CIVIL ACTION NO. 6:15cv588 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Thomas Poole, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Poole was convicted of felony driving while intoxicated in the 173rd Judicial District Court of Henderson County, Texas on July 16, 2008, receiving a sentence of 40 years in prison. His conviction was affirmed on direct appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review on November 3, 2010.

Along with his petition for discretionary review, Poole filed five other pleadings in the Texas Court of Criminal Appeals relating to this conviction, including: a motion for leave to file an original writ of mandamus; a second motion for leave to file an original writ of mandamus; a third motion for leave to file an original writ of mandamus; an application for the writ of habeas corpus, which was received by the Texas Court of Criminal Appeals on dismissed for non-compliance with Tex. R. App. P. 73.1; and a fourth motion for leave to file an original writ of mandamus. All of Poole's motions for leave to file mandamus petitions were denied.

1

The magistrate judge ordered Poole to explain why his federal habeas corpus petition should not be barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). In response to this order, Poole acknowledged that he was convicted in 2008 and described his 40-year sentence as "erroneous." He argued the merits of his case, claiming that there was a fatal variance in the indictment, there is no statute of limitations for state habeas proceedings, he "knows in his heart that he followed the rules of habeas corpus," his 40 year sentence was for a Class B misdemeanor of which he was not guilty, the prosecutor altered and omitted evidence and failed to tell the jury about lesser charges, and there was no evidence to support an enhancement of the charges to habitual. He believed that his state habeas application was dismissed under Rule 73.1 because two pages of the memorandum of law were not included with the petition.

After review of the pleadings, the magistrate judge issued a report recommending that the petition be dismissed because of the expiration of the statute of limitations. The magistrate judge observed that Poole's conviction became final on February 1, 2011, when his time for seeking certiorari review from the U.S. Supreme Court of the denial of his petition for discretionary review expired. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). His one-year limitations period thus expired on February 1, 2012, absent the operation of other factors.

The magistrate judge stated that Poole did not point to any state-created impediments preventing him from seeking relief in a timely manner, he did not assert a right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and did not allege that any of the factual predicates of his claims could not have been discovered in a timely manner through the exercise of due diligence.

None of Poole's collateral filings with the Texas Court of Criminal Appeals served to toll the limitations period. Motions for leave to file state mandamus petitions are not applications for post-conviction collateral review and thus do not toll the limitations period under 28 U.S.C. §2244(d)(2). Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002). The one state habeas application

filed by Poole was dismissed as non-compliant with the Texas Rules of Appellate Procedure and thus could not toll the limitations period because it was not "properly filed." Larry v. Dretke, 361 F.3d 890. 895 (5th Cir. 2004).

The magistrate judge further concluded that Poole failed to show any basis for equitable tolling of the limitations period. Such a showing requires "extraordinary circumstances," and the Fifth Circuit has held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process do not show "exceptional circumstances." Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000). Poole failed to show that he was exercising his rights diligently and thus could not qualify for equitable tolling. Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013).

Finally, the magistrate judge concluded that Poole did not set out a tenable showing of actual innocence through his conclusory and unsupported claims that he has "proven he is not guilty" of the offense and that he could be "incarcerated for the rest of his life for something he can prove he is not guilty of." The magistrate judge therefore recommended that the petition be dismissed and that Poole be denied a certificate of appealability *sua sponte*.

In his objections, Poole sets out rhetorical questions on the nature of justice and traces his criminal history, including convictions for driving while intoxicated, unlawful possession of a weapon, and driving with license suspended. He asserts that in his present conviction, his attorney must have been helping the prosecution at trial, which is the only explanation he can see for his counsel's poor performance.

Poole contends that his petition for discretionary review was denied without written order, which he says is "not a judgment of a state court." He argues that his second state habeas corpus application, which was dismissed for abuse of the writ, was properly filed and therefore tolled the statute of limitations. He again complains of trial errors and says that everything he knows about the law he has taught himself, which he states is an impediment. Poole again complains about his attorney and says that the habitual offender law was "not available for prosecution," but this did not

matter to the prosecutor or his attorney. Similarly, the alteration and omission of evidence by the prosecutor did not mean anything to Poole's attorney. He asks the Court to review his case "in the light of justice" and not let his attorney and the prosecutor get away with these constitutional violations.

The refusal of Poole's petition for discretionary review is a "judgment of a state court" and begins the time period for seeking certiorari from the U.S. Supreme Court. The magistrate judge correctly determined that when this time period expired, on February 1, 2011, Poole's limitations period began to run. Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998).

Although Poole cites Ellis v. Johnson, 11 F.Supp.2d 695 (N.D.Tex. 1998), in which a second state habeas application was dismissed for abuse of the writ served to toll the limitations period, his circumstance is much different; he only filed one state habeas application challenging the Henderson County conviction, and this application was dismissed as non-compliant. Unlike a dismissal for abuse of the writ, a dismissal as non-compliant means that the application was not "properly filed" and thus could not toll the limitations period even if it had been filed prior to the expiration of the limitations period. Larry, 361 F.3d at 895; *compare* Villegas v. Johnson, 184 F.3d 467, 471 (5th Cir. 1999) (a petition which is dismissed for abuse of the writ is considered "properly filed" for limitations purposes).

Poole's lack of knowledge of the law is not a "state created impediment" which tolls the limitations period. Felder, 204 F.3d at 173. Poole offers nothing to show the exceptional circumstances needed for equitable tolling of the limitations period, nor does he set out a tenable claim of actual innocence. *See* House v. Bell, 547 U.S. 518, 538, 126 U.S. 2064, 165 L.Ed.2d 1 (2006). The magistrate judge properly determined that Poole's claims are barred by the statute of limitations.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified

4

proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 18) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations. It is further

**ORDERED** that the Petitioner Thomas Poole is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 29th day of April, 2016.**

*/s/ Michael Schneider*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE